UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
Case No. 5:23-cv-00107-BJB-LLK

MARQUITA ASKEW,                                                                                          PLAINTIFF

v.

EQUIFAX INFORMATION SERVICES,                                                              DEFENDANTS
LLC et al,

## MEMORANDUM OPINION AND ORDER

This matter has been referred to Magistrate Judge Lanny King for hearing and determining all pretrial matters. Text Order of August 15, 2023 [DN 6]. The parties have jointly moved the Court for a protective order on certain documents in discovery. Joint Motion for Entry of Protective Order [DN 20]. While the parties have met their burden to establish a protective order, the proposed order improperly permits documents to be filed under seal without Court review. Proposed Stipulated Protective Order [DN 20-1] at 2–3. Accordingly, the parties' Joint Motion for Entry of Protective Order is GRANTED in part and DENIED in part.

### Legal Standard

Rule 26 of the Federal Rules of Civil Procedure grants the Court broad discretion to grant or deny protective orders. *Parker & Gamble co. v. Banker's Trust Co.*, 78 F.3d 219, 227 (6th Cir. 1996). A Court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way. . . ." Fed. R. Civ. P. 26(c)(1)(G). Good cause exists when the moving party "articulate[s] specific facts showing 'clearly defined and serious injury' resulting from the discovery sought . . . ." *Nix v. Sword*, 11 Fed. App'x 498, 500 (6th Cir. 2001) (citing

*Avrigan v. Hull*, 118 F.R.D. 252, 254 (D.D.C. 1987)). "The burden of establishing good cause for a protective order rests with the movant." *Nix*, 11 Fed. App'x at 500. Because a protective order is contrary to the basic policy in favor of openness, this burden is a heavy one and the moving party must show substantial justification for withholding information from the public. *See Proctor & Gamble Co. v. Banker's Trust Co.*, 78 F.3d 219, 227 (6th Cir. 1996) ("While District Courts have the discretion to issue protective orders, that discretion is limited by the careful dictates of Fed. R. Civ. P. 26 and is circumscribed by a long-established tradition which values public access to court proceedings."); *Meyer Goldberg, Inc. of Lorain v. Fisher Foods, Inc.*, 823 F.2d 159, 162 (6th Cir. 1987) ("As a general proposition, pretrial discovery must take place in the public unless compelling reasons exist for denying public access to the proceedings.").

In the context of trade secrets and confidential information, courts look to six factors to determine if good cause exists for a protective order:

(1) the extent to which the information is known outside of [the] business;

(2) the extent to which it is known by employees and others involved in [the] business;

(3) the extent of measures taken . . . to guard the secrecy of the information;

(4) the value of the information to [the business] and to [its] competitors;

(5) the amount of effort or money expended . . . in developing the information; and

(6) the ease or difficulty with which the information could be properly acquired or duplicated by others.

*Williams v. Baptist Healthcare Sys.*, No. 3:16-CV-00236-CRS, 2018 WL 989546, at *2 (W.D. Ky. Feb. 20, 2018) (citing *Nash-Finch Co. and Super Food Servs., Inc. v. Casey's Foods, Inc.*, 2016 WL 737903, at *2 (E.D. Ky. Feb. 23, 2016)); see also *Specialty Auto Parts USA, Inc. v. Holley Performance Products, Inc.*, No. 1:17-cv-147-DJH-LLK, 2020 WL 1914817 (W.D. Ky. April 20, 2020).

This Court has increasingly scrutinized motions for protective orders to ensure the necessary showings of good cause. *See Global Hemp, Inc. v. Industrial Hemp Solutions, LLC*, No. 5:20-cv-00012-TBR-LLK, 2020 WL 12846562 at *1 (W.D. Ky October 6, 2020) (collecting cases). Bald assertions that information is confidential and private are insufficient, and parties must make a showing that a protective order is necessary before one is granted. *See Bussell v. Elizabethtown Independent School Dist.*, 3:17-cv-00605, DN 27 (W.D. Ky. Aug. 29, 2018) (denying protective order where parties failed to explain why the order was necessary).

The standard to seal documents otherwise submitted to the Court is "vastly more demanding" than the standard for a protective order on documents exchanged by parties in discovery. *Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 307 (6th Cir. 2016). Merely being subject to a protective order or being designated as confidential is insufficient to seal documents from the public after they are placed in the judicial record. *Id.* Only "the most compelling of reasons can justify" sealing documents in contravention to the public's "strong interest" in access to a court's decisions and the information on which the court relied in making that decision. *Id.* at 305. Any seal must also be "narrowly tailored" to serve those compelling reasons, and the party seeking to seal a document must make their case "document by document." *Id.* at 305–6.

### Protective Order

The parties have met their burden and shown good cause as to why certain categories of information should be subject to a protective order. They adequately note that the information subject to a protective order is "trade secret[], confidential research, development, technology or other proprietary information[.]" Joint Motion for Entry of a Protective Order [DN 20] at 2. Following the factors laid out in Sixth Circuit caselaw, they explain that the information to be protected: (1) is not distributed outside of the business, [DN 20] at 3–4; (2) is only generated by "a very limited number of trained [Defendant] employees," [DN 20] at 4;" (3) are subject to "detailed procedures" protecting the secrecy of the information, [DN 20] at 4; (4) would permit competitors to "reverse-engineer either defendant's system," [DN 20] at 2; (5) is the product of "tens of millions of dollars and countless hours of employee time," [DN 20] at 2; and (6) is "diligently guard[ed]" from outsiders, [DN 20] at 3. Going further, the parties explain the burden disclosure of the information would place on the public. The parties note that disclosure "could indirectly assist identity thieves by educating them on how the relevant systems operate and exposing opportunities to subvert them." Joint Motion for Protective Order [DN 20] at 3. The parties, having identified a clearly defined and serious injury from disclosure, have established good cause to subject the proposed discovery to a protective order.

### Sealing procedures

While the parties have met their burden to establish a protective order, their proposed order inappropriately permits sealing of documents filed with the Court. The Proposed Stipulated Protective Order would permit any "motions, briefs, pleadings, deposition transcripts, or other papers" filed with the Court which included "documents or information subject to [the proposed] Order" to be filed under seal. Proposed Stipulated Protective Order [DN 20-1] at 2. The Court

cannot and will not prejudge whether a document may be filed under seal, since any seal must be "narrowly tailored" to "compelling reasons" which overcome the public's strong interest in the openness of judicial proceedings. *Shane Grp.*, 825 F.3d at 305. Instead, the parties must follow the requirements of Local Rule 5.6: submit a motion to seal contemporaneously with filing a document in the judicial record.

## ORDER

Accordingly, it is **HEREBY ORDERED** that:

1. This Order shall govern the use, handling and disclosure of all documents, testimony, or information produced or given in this action which are designated to be subject to this Order in accordance with the terms hereof.

2. Any party or non-party producing or filing documents or other materials in this action (the "Producing Party") containing personal income, credit and other confidential information of Plaintiff and/or trade secrets, confidential research, development, technology or other proprietary information belonging to Defendants Experian and/or Equifax may designate such materials and the information contained therein subject to this Order by typing or stamping on the front of the document, or on the portion(s) of the document for which confidential treatment is designated, "Confidential."

3. If a Producing Party believes in good faith that, despite the provisions of this Protective Order, there is a substantial risk of identifiable harm to the Producing Party if particular documents it designates as "Confidential" are disclosed to all other parties or non-parties in this action, the Producing Party may designate those particular documents as "Confidential—Attorneys' Eyes Only."

4. To the extent any motions, briefs, pleadings, deposition transcripts, or other papers to be filed with the Court incorporate documents or information subject to this Order, the party filing such papers shall designate such materials, or portions thereof, as "Confidential," or "Confidential—Attorneys' Eyes Only" and shall file them with the clerk under seal; provided, however that a copy of such filing having the confidential information deleted therefrom must be made part of the public record. The document shall be unsealed after thirty (30) days, unless any party files an appropriate Motion to Maintain Documents Under Seal pursuant to Civil Local Rule 5.6. Any party filing any document under seal must otherwise comply with the requirements of Civil Local Rule 5.6.

5. All documents, transcripts, or other materials containing personal income, credit and other confidential information of Plaintiff and/or trade secrets, confidential research, development, technology or other proprietary information belonging to Defendants Experian and/or Equifax and subject to this Order, and all information derived therefrom (including, but not limited to, all testimony given in a deposition, declaration or otherwise, that refers, reflects or otherwise discusses any information designated "Confidential" or "Confidential—Attorneys' Eyes Only" hereunder), shall not be used, directly or indirectly, by any person, including the other Defendants, for any business, commercial or competitive purposes or for any purpose whatsoever other than solely for the preparation for and trial of this action in accordance with the provisions of this Order.

6. Except with the prior written consent of the individual or entity designating a document or portions of a document as "Confidential," or pursuant to prior Order

after notice, any document, transcript or pleading given "Confidential" treatment under this Order, and any information contained in or derived from any such materials (including but not limited to, all deposition testimony that refers to, reflects or otherwise discusses any information designated "Confidential" hereunder) may not be disclosed other than in accordance with this Order and may not be disclosed to any person other than: (a) the Court and its officers; (b) parties to this litigation; (c) counsel for the parties, whether retained outside counsel or in-house counsel and employees of counsel assigned to assist such counsel in the preparation of this litigation; (d) fact witnesses subject to a proffer to the Court or a stipulation of the parties that such witnesses need to know such information; (e) present or former employees of the Producing Party in connection with their depositions in this action (provided that no former employees shall be shown documents prepared after the date of his or her departure); and (f) experts specifically retained as consultants or expert witnesses in connection with this litigation.

7. Except with the prior written consent of the individual or entity designating a document or portions of a document as "Confidential—Attorneys' Eyes Only," or pursuant to prior Order after notice, any document, transcript or pleading given "Confidential—Attorneys' Eyes Only" treatment under this Order, and any information contained in or derived from any such materials (including but not limited to, all deposition testimony that refers to, reflects or otherwise discuses any information designated "Confidential—Attorneys' Eyes Only" hereunder) may not be disclosed other than in accordance with this Order and may not be disclosed to any person other than: (a) a party's retained outside counsel of record in this action, as

well as employees of said outside counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Declaration of Compliance" that is attached hereto as Exhibit A; (b) experts specifically retained as consultants or expert witnesses in connection with this litigation who have signed the "Declaration of Compliance" (Exhibit A); (c) the Court and its personnel; (d) court reporters, their staff, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Declaration of Compliance" (Exhibit A); and (e) the author of the document or the original source of the information.

8. Documents produced pursuant to this Order shall not be made available to any person designated in Subparagraph 6(f) or 7(b) unless he or she shall have first read this Order, agreed to be bound by its terms, and signed the attached "Declaration of Compliance" (Exhibit A).

9. All persons receiving any or all documents produced pursuant to this Order shall be advised of their confidential nature. All persons to whom confidential information and/or documents are disclosed are hereby enjoined from disclosing same to any person except as provided herein and are further enjoined from using the same except in the preparation for and trial of the above-captioned action between the named parties thereto. No person receiving or reviewing such confidential documents, information or transcript shall disseminate or disclose them to any person other than those described above in Paragraph 6 and Paragraph 7 and for the purposes specified, and in no event shall such person make any other use of such document or transcript.

10. Nothing in this Order shall prevent a party from using at trial any information or materials designated "Confidential" or "Confidential—Attorneys' Eyes Only."

11. Neither the entry of this Order, nor the designation of any information, document, or the like as "Confidential," or "Confidential—Attorneys' Eyes Only," nor the failure to make such designation, shall constitute evidence with respect to any issue in this action.

12. Within sixty (60) days after the final termination of this litigation, all documents, transcripts, or other materials afforded confidential treatment pursuant to this Order, including any extracts, summaries or compilations taken therefrom, but excluding any materials which in the good faith judgment of counsel are work product materials, shall be returned to the Producing Party.

13. In the event that any party to this litigation disagrees at any point in these proceedings with any designation made under this Protective Order, the parties shall first try to resolve such dispute in good faith on an informal basis in accordance with Civil Local Rule 37.1. If the dispute cannot be resolved, the parties must schedule a telephonic status conference with the Magistrate Judge concerning the dispute counsel have failed to resolve. Counsel shall email Chambers at [Judge_King_Chambers@kywd.uscourts.gov](mailto:Judge_King_Chambers@kywd.uscourts.gov) to identify the dispute and schedule the conference, copying all counsel of record. The email should not contain substantive legal arguments or recitations of the underlying facts and should treat opposing counsel with respect and professional courtesy. If the dispute persists after the telephonic conference, the party objecting to the designation may file a written motion seeking appropriate relief from this Court. During the pendency of any

challenge to the designation of a document or information, the designated document or information shall continue to be treated as "Confidential" or "Confidential— Attorneys' Eyes Only" subject to the provisions of this Protective Order.

14. Nothing herein shall affect or restrict the rights of any party with respect to its own documents or to the information obtained or developed independently of documents, transcripts and materials afforded confidential treatment pursuant to this Order.

15. The Court retains the right to allow disclosure of any subject covered by this Protective Order or to modify this Order at any time in the interest of justice.

January 10, 2024

Lanny King, Magistrate Judge
United States District Court